UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KHOUNY PECH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TRISTAN LEMON, Acting Warden,<br><br>　　　　Respondent. | No.  1:23-cv-01292-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA |

On August 29, 2023, Petitioner filed a habeas corpus action pursuant to 28 U.S.C. § 2254 in this Court. Because venue is proper in the Sacramento Division of the Eastern District of California, the Court will order the petition transferred.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b).

In this case, Petitioner is challenging his conviction from San Joaquin County, which is in the Sacramento Division of the Eastern District of California.  Venue is therefore proper in the Sacramento Division, and the petition should have been filed there.  In the interest of justice, a

1  federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. §
2  1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
3      Accordingly, the Court ORDERS that this matter is transferred to the Sacramento
4  Division of the United States District Court for the Eastern District of California.

6  IT IS SO ORDERED.

7  Dated:   **August 29, 2023**            /s/ *Sheila K. Oberto*
8                                     UNITED STATES MAGISTRATE JUDGE