1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DAVID KHOURNY PECH,                     No.  2:23-CV-1853-DJC-DMC-P

12                      Petitioner,

13           v.                                ORDER

14    TRISTAN LEMON,

15                      Respondent.

16

17                  Petitioner, a state prisoner proceeding with retained counsel, brings this petition

18    for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's

19    petition for a writ of habeas corpus, ECF No. 1.  Also before the Court is Petitioner's motion for a

20    stay of proceedings to allow for exhaustion of claims in state court, ECF No. 2.

21                  On August 31, 2023, the Court directed Respondent to file a response to file a

22    response to Petitioner's petition and motion for a stay within 60 days.  See ECF No. 6.

23    Respondent now seeks leave to file a late response.  See ECF No. 11.  The request is unopposed.

24    See id.  Respondent agrees that a stay of proceedings pursuant to Kelly v. Small, 315 F.3d 1063

25    (9th Cir. 2003), is appropriate, but opposes a stay under Rhines v. Weber, 544 U.S. 269 (2005).

26    See id.

27    / / /

28    / / /

                                                1

In the petition, Petitioner states that he raised the following claims in the California Supreme Court on direct review: (1) the trial court erred in allowing the prosecutor to shift the burden of proof during closing argument; (2) the trial court erred in allowing the prosecutor to describe matters not in evidence during closing argument; (3) there was insufficient evidence of lying-in-wait murder; (4) the trial court imposed a cruel an unusual sentence; and (5) reversal was required based on cumulative prejudice.  See ECF No. 1, pgs. 3-4.  The California Supreme Court denied direct review on December 21, 2022.  See id. at 4.  In the pending federal petition, Petitioner raises these same five claims as well as a sixth claim of ineffective assistance of counsel.  See id. at 10-13.

In his motion for a stay, Petitioner seeks a stay of proceedings under either Kelly v. Small or Rhines v. Weber pending exhaustion of his ineffective assistance of counsel claim in state court.  See ECF No. 2.  Petitioner asks that the ineffective assistance of counsel claim (Ground Six) be voluntarily dismissed without prejudice to renewal in an amended petition upon completion of state court exhaustion proceedings on that claim.  See id. at 3.  Respondent does not oppose a Kelly stay.  See ECF No. 11.

The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005).  When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted.  See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  See Jackson, 425 F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies.  See Jackson, 425 F.3d at 661; see also King v. Ryan, 564 F.3d 1133 (discussing types

1   of stay-and-abeyance procedures).

2            Under Kelly, the district court is required to ". . . consider the option of holding

3   the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in

4   state court before attempting to amend his federal petition to include the newly exhausted

5   claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070).  Whether to exercise this

6   option is within the discretion of the district court.  See Kelly, 315 F.3d at 1070.  However, the

7   Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would

8   otherwise be forfeited."  Id.  Moreover, a stay under such circumstances promotes comity by

9   deferring the exercise of federal jurisdiction until after the state court has ruled.  See id.

10            Here, Petitioner requests voluntary dismissal of Ground Six (ineffective assistance

11   of counsel claim), thus rendering the pending petition fully exhausted as to the remaining five

12   claims.  Given Respondent's non-opposition, the Court finds that a stay under Kelly is

13   appropriate.  Upon completion of state court exhaustion proceedings relative to Ground Six,

14   Petitioner may seek to amend to re-raise that claim.  In the meantime, Petitioner will be required

15   to submit reports on the status of state court proceedings.

16            Accordingly, IT IS HEREBY ORDERED as follows:

17            1.      Respondent's unopposed motion for leave to file a late response, ECF No.

18   11, is GRANTED.

19            2.      Respondent's response, filed on January 30, 2024, is deemed timely.

20            3.      Petitioner's request for voluntary dismissal of Ground Six is GRANTED

21   and this claim is dismissed without prejudice.

22            4.      Petitioner's unopposed motion for a stay pursuant to Kelly v. Small, ECF

23   No. 2, is GRANTED.

24            5.      This action is STAYED pending exhaustion of state court remedies.

25   / / /

26   / / /

27   / / /

28   / / /

3

1       6.     Petitioner shall file a status report within 60 days of the date of this order

2 and every 60 days thereafter pending completion of exhaustion proceedings in state court.

3

4 Dated: March 8, 2024

5                                       DENNIS M. COTA

6                                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28