IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KHOURNY PECH, | No. 2:23-CV-1853-DJC-DMC-P |
| Petitioner, | ORDER |
| v. | And |
| TRISTAN LEMON, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion to file an amended petitioner for writ of habeas corpus. See ECF No. 19. Respondent filed an opposition. See ECF No. 22. Also before the Court is a statement filed by Petitioner's counsel, Mr. Spolin, informing the Court that he was disbarred and therefore seeks to formally withdraw as counsel. See ECF No. 24.

**I. PROCEDURAL HISTORY**

    Petitioner filed the petition for writ of habeas corpus on August 29, 2023, and on the same day filed a motion to stay the action. See ECF Nos. 1 and 2. In the petition, Petitioner states that he raised the following claims in the California Supreme Court on direct review: (1) the trial court erred in allowing the prosecutor to shift the burden of proof during closing

argument; (2) the trial court erred in allowing the prosecutor to describe matters not in evidence during closing argument; (3) there was insufficient evidence of lying-in-wait murder; (4) the trial court imposed a cruel and unusual sentence; and (5) reversal was required based on cumulative prejudice. See ECF No. 1, pgs. 3-4. The California Supreme Court denied direct review on December 21, 2022. See id. at 4. In the pending federal petition, Petitioner raises these same five claims as well as a sixth claim of ineffective assistance of counsel. See id. at 10-13.

Petitioner sought a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (2005). See ECF No. 2. Petitioner requested a stay and dismissal of Ground Six, ineffective assistance of counsel, to exhaust that claim in state court. See id. On January 30, 2024, Respondent filed a response, opposing a stay under Rhines, while agreeing a stay under Kelly was appropriate. See ECF No. 11.  This Court granted the motion, including Petitioner's request for voluntary dismissal of Ground Six and a stay pursuant to Kelly. See ECF No. 13. Petitioner was advised that "upon completion of state court exhaustion proceedings relative to Ground Six, Petitioner may seek to amend to re-raise that claim." Id. at 3.

After exhausting remedies for Ground Six in state court, Petitioner filed a motion to lift the stay and amend the petition to include previously dismissed Ground Six. See ECF No. 19. The stay was lifted on June 20, 2025, and respondent was directed to file a response to Petitioner's motion for leave to amend. See ECF No. 20. Respondent filed an opposition to Petitioner's motion to amend asserting that Ground Six is untimely and because it does not relate back to the timely raised claims, amendment is inappropriate. See ECF No. 22.

On August 14, 2025, Kristen Mason filed a notice of appearance on behalf of Petitioner. See ECF No. 23. On October 20, 2025, Petitioner's counsel, Mr. Spolin, filed a statement informing the Court that due to is disbarment, he seeks to formally withdraw from the case. The undersigned will therefore direct the Clerk of the Court to terminate Mr. Spolin as Petitioner's counsel.

/ / /

/ / /

/ / /

## II. DISCUSSION

The undersigned finds that the newly exhausted Claim Two is untimely and therefore amendment is only appropriate if the claim relates back to a timely raised claim. After careful consideration of each of the fourteen examples Petitioner provides within Claim Two, this Court finds that the only one that relates back to a timely raised claim is that counsel failed to impeach witness Bankeut. Accordingly, the undersigned will recommend granting leave to amend as to this issue within Claim Two and denying leave to amend as to all other issues raised within Claim Two.

### A.  Statute of Limitations

The limitations period runs from the date that the state court judgment becomes final by the conclusion of direct review or the expiration of time to seek direct review. 28 U.S.C. §2244(d)(1)(A); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). The time during which a "properly filed" application for state post-conviction relief is pending does not count toward this one-year period. § 2244(d)(2); Porter, 620 F.3d at 958.

"The petitioner bears the burden of demonstrating that he or she is entitled to equitable tolling." Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012). A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). An extraordinary circumstance must be more than merely "oversight, miscalculation or negligence on the petitioner's part." Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some external force "stood in his way." Id.

Petitioner makes no argument that Ground Six is timely nor that such claim is entitled to equitable tolling. See ECF No. 19. Because Petitioner "bears the burden of demonstrating that he or she is entitled to equitable tolling," and Petitioner provides no such argument, this Court finds Petitioner is not entitled to such tolling. Thus, this Court will

recommend finding that Claim Two is untimely and will now consider whether Ground Six relates back to the timely presented claims, which would make amendment appropriate.

### B. Relation Back

The one-year statute of limitations may prevent a federal habeas petitioner from adding new claims to his petition long after it has been filed. Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." This rule applies for habeas corpus petitions if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). The claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 650. In Mayle, the court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction. Id. at 656-657. "An amended habeas petition does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (quoting Mayle, 545 U.S. at 650).

Here, Petitioner contends relation back is appropriate and provides the following argument in support:

> Here, too, the six grounds asserted are all "tied to a common core of operative facts" and relate back in time and type to one another, as well as to the Superior Court's failure to provide Petitioner with a fair trial. Grounds One and Two involve prosecutorial misconduct in the form of burden shifting and commenting on facts not in evidence which was based on the prosecution's awareness that it would not be able to convict Petitioner based on the fact that there was insufficient evidence, which is addressed in Ground Three. Trial counsel's failure to investigate and present readily available evidence of Petitioner's innocence, Ground Six, relates back to these claims where the People would have had no evidence of Petitioner's involvement but for counsel's ineffectiveness. Petitioner would not have been sentenced, Ground Five, but for the above errors.

ECF No. 19, pg. 6.

///
///
///

Respondent argues that Ground Six does not relate back to the timely asserted claims and that Petitioner "simply argues that the claims share the same operative facts, but he makes no effort to explain precisely what facts are common to his claims. He only argues his claims show he was denied a fair trial—that is not enough to meet his burden to show relation back." ECF No. 22, pg. 7.

Petitioner timely raised the following claims: (1) the trial court erred in allowing the prosecutor to shift the burden of proof during closing argument; (2) the trial court erred in allowing the prosecutor to describe matters not in evidence during closing argument; (3) there was insufficient evidence of lying-in-wait murder; (4) the trial court imposed a cruel and unusual sentence; and (5) reversal was required based on cumulative prejudice. See ECF No. 1, pgs. 3-4. Petitioner now seeks to add Ground Six, a claim of ineffective assistance of counsel. See ECF No. 19. In support of Petitioner's ineffective assistance of counsel claim, Petitioner provides thirteen specific examples of how counsel was ineffective, as follows: trial counsel failed to (1) "effectively investigate or accentuate" evidence that the government failed to connect the alleged murder weapon to Petitioner but did connect the weapon to a number of other individuals related to the case; (2) call Onofre, who Petitioner asked to be called, and Petitioner asserts would have "preclude[d] or at least elucidate[d]" the evidence of who had possession of the weapon; (3) "investigate and effectively convey the import" of the lack of evidence of what weapon was used to kill the victim or who fired the gun; (4) "to retain the services of a competent private investigator;" (5) "investigate the forensic evidence against Petitioner and retain" fingerprint and ballistics experts;  (6) file a "Pitchess motion" to seek impeachment evidence for the officers involved in the case; (7) "object on the grounds that the jury was biased against Petitioner;" (8) "object to the fact that multiple jurors, and the judge himself, were sleeping during various different phases of the trial;" (9) impeach Bankeut, an eyewitness that Petitioner contends the People's case "was based entirely on;" (10) call relatives who could provide context to Petitioner's text messages to show they did not demonstrate guilt, but rather reflected Cambodian culture; (11) preserve issues for appeal due to trial counsels' "equivocated and vacillatory attempts at objections; (12) "ensure bench conferences were reported;" (13) "effectively

5

communicate with Petitioner, depriving Petitioner of the chance to present the above, abounding evidence of his innocence;" and (14) "effectively negotiate a plea deal on Petitioner's behalf although Petitioner was an ideal candidate given the paucity of evidence against him." ECF No. 1-1, pgs. 41-68.

Petitioner contends that Ground Six relates to the other claims because they all demonstrate "the Superior Court's failure to provide Petitioner with a fair trial." ECF No. 19, pg. 6. Respondent asserts that is insufficient to meet the relation back standard. See ECF No. 22. This Court agrees with Respondent, in part. A claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Mayle, 545 U.S. at 650. Here, the facts underlying most of Petitioner's Ground Six ineffective assistance of counsel claim differ in time and type from the other claims raised, while one shares a common core of operative facts, as described below.

Petitioner raises four issues within the ineffective assistance of counsel claim that relate directly to the ballistics evidence: (1) "effectively investigate or accentuate" evidence that the government failed to connect the alleged murder weapon to Petitioner but did connect the weapon to a number of other individuals related to the case; (2) call Onofre, who Petitioner asked to be called, and Petitioner asserts would have "preclude[d] or at least elucidate[d]" the evidence of who had possession of the weapon; (3) "investigate and effectively convey the import" of the lack of evidence of what weapon was used to kill the victim or who fired the gun; and (5) "investigate the forensic evidence against Petitioner and retain" fingerprint and ballistics experts. This Court finds that these issues differ in time and type from the timely raised claims because none of the timely claims address, question, or raise an issue with ballistics evidence. Accordingly, the undersigned will recommend no relation back as to those claims.

Petitioner additionally asserts issue (4), that trial counsel was "ineffective for failing to retain the services of a competent private investigator." ECF No. 1-1, pg. 51. Petitioner asserts this failure when discussing the murder weapon and ballistics evidence, issues (1), (2), (3), and (5). See id. Apparently Petitioner is contending that Petitioner's ineffective assistance of counsel claim as to the failure to retain a private investigator relates to the murder weapon and

6

ballistics evidence. As with issues (1), (2), (3), and (5), the Court finds that (4), failure to retain an investigator to uncover evidence related to the murder weapon and ballistics differs in time and type from the timely raised claims. Accordingly, the undersigned will recommend no relation back as to that claim.

As to the claim that counsel was ineffective for failing to file a <u>Pitchess</u> motion (issue number (6)), Petitioner does not show that such motion would relate to the timely raised claims. Indeed, two of the timely claims address the conduct of the prosecutor, not the credibility of any officer witnesses. Additionally, it does not appear that the evidence presented about "lying in wait," (timely claim raised as to sufficiency of such evidence), was presented by any officers whose credibility or testimony might be questioned as a result of a <u>Pitchess</u> motion. As such, the undersigned will recommend no relation back as to that issue.

Next, this Court finds the claims related to juror bias, the judge and jurors sleeping during trial, and ensuring bench conferences are reported (numbered as (7), (8), and (12)), differ in time and type from the timely raised claims. None of the timely raised claims consider these issues. Accordingly, the undersigned will recommend no relation back as to those claims.

As to issue (10), failure to call relatives who could provide context to Petitioner's text messages to show they did not demonstrate guilt, but rather reflected Cambodian culture, this Court finds it differs in time and type than the timely raised claims. That text message evidence is not at issue in any of the timely raised claims and accordingly, the undersigned will recommend no relation back as to that issue.

As to issue (11), failure to preserve issues for appeal due to trial counsels' "equivocated and vacillatory attempts at objections, this Court again finds this issue differs in time and type from the timely raised claims.  Two timely claims argue that the trial court erred in permitting the prosecutor to shift the burden and describe matters not in evidence during closing arguments, which could be related to trial counsel's failure to object. However, the record shows that trial counsel did object to the subject burden shifting, ECF No. 1-1, pg. 15-16, and arguing of facts not in evidence, ECF No. 1-1, pg. 19. Accordingly, Petitioner has not shown how trial counsel's failure to object relates to the timely raised claims and the undersigned will therefore

1  recommend no relation back as to trial counsel's objections.

2  Finally, as to issue (13) and (14), failure to "effectively communicate with
3  Petitioner, depriving Petitioner of the chance to present the above, abounding evidence of his
4  innocence;" and failure to "effectively negotiate a plea deal on Petitioner's behalf although
5  Petitioner was an ideal candidate given the paucity of evidence against him," this Court finds
6  these claims do not relate back to the timely raised claims. None of the timely claims assert actual
7  innocence and the set of facts needed to support, or challenge, issues (13) and (14) are entirely
8  distinct from the facts underlying the timely claims. Further, none of the timely claims
9  contemplate Petitioner's relationship with his attorney nor Petitioner's interest in a plea deal.
10 Therefore, the undersigned will recommend no relation back as to issues (13) and (14).

11 This Court finds that the remaining issue raised within the ineffective assistance of
12 counsel claim does relate back to timely raised claims. As to issue (9), failure to impeach witness
13 Bankeut, such issue would relate back to a timely raised claim if a timely raised claim related to
14 Bankeut's credibility. Petitioner timely raised the claim that the prosecutor improperly described
15 matters not in evidence and the evidence at issue there were text messages from Bankeut. Given
16 Petitioner timely argued that the evidence of the text messages from Bankeut was improperly
17 addressed by the prosecutor during closing arguments, Bankeut's credibility, and counsel's failure
18 to impeach Bankeut, relates to a timely raised claim. Further, the timely claim that there was
19 insufficient evidence of lying-in-wait also raises the issue of Bankeut's credibility because,
20 according to Petitioner, the government relied on Bankeut's text messages and testimony to show
21 lying in wait. See ECF No. 1-1, pg. 27. For these reasons, the undersigned will recommend
22 allowing relation back as to the claim that trial counsel failed to impeach Bankeut.

23 Accordingly, the undersigned will recommend Petitioner's motion to amend the
24 petition to add Ground Six be granted as to issue (9), failure to impeach Bankeut, and be denied
25 as to all other ineffective assistance of counsel claims.

26 / / /
27 / / /
28 / / /

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends that:

1. It is ORDERED that the Clerk of the Court is directed to terminate Mr. Spolin as Petitioner's Counsel;

2. It is RECOMMENDED that Petitioner's motion to amend petition, ECF No. 19, be granted in part and denied in part;

3. It is RECOMMENDED that Petitioner be permitted to amend the petition only as to ineffective assistance of counsel claim raising issues of trial counsel's failure to impeach Bankeut; and

4. It is RECOMMENDED that all other ineffective assistance of counsel claims be dismissed as untimely and not meeting the standard for relation back.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE